

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAQUITA MURRAY, by and through her father and natural guardian, DAVID L. JONES<br>           Plaintiffs<br>E.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS<br>et al<br>           Defendants | NO.: 1:CV-01-00255<br><br>(KANE, J.) |



FILED
JUN 2 5 2001
PER _____ 
HARRISBURG, PA.   DEPUTY

**PLAINTIFF LAQUITA MURRAY'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS MARTIN F. HORN AND JOSEPH W. CHESNEY IN THEIR OFFICIAL CAPACITIES ON ARTICLE III "CASE OR CONTROVERSY" GROUNDS**

    1.    Plaintiff's Complaint in this matter seeks compensatory damages, punitive damages and injunctive relief against the Department of Corrections, SCI Frackville, Secretary Horn individually and in his official capacity and Superintendent Chesney individually and in his official capacity for violations of her rights afforded by 14th Amendment and 42 U.S.C. 1983.

    2.    Defendants filed a Motion to Dismiss Plaintiff's Complaint which alleged with regards to Secretary Horn and Superintendent Chesney that the two were state agents when considered in their official capacities, and thus immune from this federal lawsuit under the 11th amendment.

    3.    Plaintiff filed a brief in opposition to Defendants Motion to Dismiss, and with regards to Defendants Chesney and Horn, Plaintiff argued that under <u>Ex Parte Young</u>, 209 U.S. 123, 28 S.Ct. 441 (1908), and its progeny, a state cannot violate a Plaintiff's civil rights and invoke

the 11th Amendment where Plaintiff brings suit demanding prospective/injunctive relief under the 14th Amendment and 42 U.S.C. 1983 against the officers of the state under their official capacity.

4. Defendants next filed a Reply Brief in support of their Motion to Dismiss, which under Local Rule 7.7 is the last permissible brief (without leave of court) that is allowed in briefing a motion.

5. In their Reply Brief, Defendants admit that they missed Plaintiff's Injunctive relief demand with respect to Horn and Chesney in their official capacities, and then proceed to assert a new defense with regards to this, arguing that there is no "case or controversy" under Article III.

6. Under FRCP 12(g) a party cannot file a Rule 12 motion, forget to add a defense, and then file a new motion asserting that defense, which is precisely what Defendants have done here, with the only difference being that Plaintiff cannot even respond to it.

WHEREFORE, Plaintiff requests that this Honorable Court strike Defendants' Motion to Dismiss Defendants Chesney and Horn in their individual capacities based on their Article III argument.

Respectfully submitted,

Dated: 6/22/01    BY: _____
ALBERT J. MICHELL, ESQUIRE
PA Attorney Id. # 76797
Counsel for Plaintiff Laquita Murray

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAQUITA MURRAY, by and through her father and natural guardian, DAVID L. JONES<br>　　　　Plaintiffs<br>　　E.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS<br>et al<br>　　　　Defendants | NO.: 1:CV-01-00255<br><br><br>(KANE, J.) |

## ORDER

AND NOW THIS _____ day of _____, 2001, upon consideration of Plaintiff's Motion to Strike Defendants' Article III arguments in their Reply Brief in support of their Motion to Dismiss Plaintiff's demands for Injunctive/prospective relief against Martin F. Horn and Joseph W. Chesney in their official capacities, IT IS HEREBY ORDERED AND DECREED that said Article III arguments are Stricken with prejudice.

BY THE COURT:

_____
J.