

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
JUN 2 5 2001
PER _____
HARRISBURG, PA.     DEPUTY CLERK

LAQUITA MURRAY, by and through her father
and natural guardian, DAVID L. JONES
    Plaintiffs
        V.

PENNSYLVANIA DEPARTMENT OF
CORRECTIONS
et al
    Defendants

NO.: 1:CV-01-00255

(KANE, J.)

**PLAINTIFF LAQUITA MURRAY'S BRIEF IN SUPPORT OF HER MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS MARTIN F. HORN AND JOSEPH W. CHESNEY IN THEIR OFFICIAL CAPACITIES ON ARTICLE III GROUNDS**

I.    STATEMENT OF THE CASE

    A.    **Parties and Basis of Action**

This matter arises out of repeated incidents of criminal rape and sexual assault of Plaintiff Laquita Murray by Defendant John O. Mims - an inmate. The rapes occurred in the visitation area of the Commonwealth of Pennsylvania's maximum security prison - Defendant SCI Frackville - from April of 1998 until February 15th, 1999, when Defendant John O. Mims was finally arrested in the visitation area of SCI Frackville. Defendant Georgette Mims is Plaintiff Laquita Murray's biological Mother who pled guilty to assisting Defendant John O. Mims in raping Plaintiff Laquita Murray at the visitation area.

    Plaintiff is Laquita Murray - a little girl aged 8 at the time of her rape and sexual assault at Frackville SCI. She is represented in this action by her biological father and natural guardian -

David L. Jones - because her mother, Defendant Georgette Mims, is presently incarcerated as result of her role in assisting Defendant John O. Mims' rape and sexual assault Plaintiff Laquita Murray. Plaintiff Laquita Murray alleges that she was repeatedly raped and sexually assaulted in the visitation area of Defendant SCI Frackville during prison visitations when Defendant Georgette Mims dressed her in long loose clothing to facilitate the assaults and rape and took her to meet with Defendant John O. Mims.

Defendants Department of Corrections, SCI Frackville, Secretary Horn and Superintendent Chesney as well as Defendants John Doe #2 through #5 were charged with the responsibility of controlling Defendant John O. Mims for the duration of his incarceration for the violent felony of robbery. Defendants were aware that Defendant John O. Mims had a past history of sexual violence toward female children including rape and sexual assault of at least four different girls. Defendants were aware that Defendant John O. Mims married Plaintiff's biological mother - Defendant Georgette Mims - while he was incarcerated. Defendants were aware that Plaintiff was not Defendant John O. Mims' biological daughter nor had he adopted Plaintiff as his daughter. Defendants were aware that Defendant Georgette Mims was bringing Plaintiff to visit him in prison with Plaintiff dressed in long and loose fitting clothing. Defendants were aware that during the visits Defendant John O. Mims was holding Plaintiff on his lap for extended periods of time. At the latest, prior to February 15th, 1999, Defendants were aware that other inmates and visitors in the SCI Frackville visitation area suspected that Defendant John O. Mims was sexually assaulting Plaintiff during those extended periods of time when she was held on his lap. Defendants actually watched and videotaped Defendant John O. Mims for a period of time as he sexually assaulted and attempted to rape Plaintiff in the visitation area on February 15th, 1999, before intervening to stop the assault.

### B.   Procedural History

Plaintiff initiated this action by filing a complaint on February 8th, 2001. Plaintiff's complaint in this matter seeks compensatory damages, punitive damages and injunctive relief against the Department of Corrections, SCI Frackville, Secretary Horn and Superintendent Chesney for violations of her rights afforded by 14th Amendment and 42 U.S.C. 1983. The complaint was served by mail with a request for waiver of service upon the Defendant

Department of Corrections, SCI Frackville, and Secretary Horn on February 22nd, 2001. On March 12th, 2001, counsel for the above Defendants as well as Defendant Superintendent Chesney signed the waiver of service provided by Plaintiff's counsel. Defendants filed the pending FRCP Rule 12(g) motion to dismiss on April 24th, 2001. Defendants filed their supporting brief on May 8th, 2001 and mailed it to Plaintiff for service on that date. Plaintiff filed a Request for Entry of Default on May 11, 2001, in response to which Defendants Pennsylvania Department of Corrections, SCI Frackville, Martin F. Horn and Joseph W. Chesney filed a Brief in Opposition on or about May 15, 2001. Plaintiff's Motion for Default was denied on June 4, 2001. On May 25, 2001 Plaintiff filed her brief in opposition to Defendants' Motion to Dismiss. One June 8, 2001 Defendants filed a Reply Brief in Support of their Motion to Dismiss. This Motion to Strike is filed to strike certain defenses Defendants raised in that brief for the first time. Also pending in this matter is Defendant Joseph W. Chesney's Motion for Summary Judgment, in support of which Defendant filed a Brief on June 5, 2001.

## II    QUESTIONS PRESENTED

A.    Should the defense provided in Defendant's Reply Brief in support of their Motion to Dismiss, which argues against Plaintiff's demand for injunctive relief against Secretary Martin Horn and Superintendent Joseph Chesney in their official capacities be stricken under FRCP 12(f) because this is a new defense not raised in Defendant's Motion to Dismiss, and thus violates FRCP 12(g)?

## III.    ARGUMENT

### A.    Standard

Under FRCP Rule 12(f)Upon a FRCP Rule 12(f) a party may move to strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.

### A.    DEFENDANTS' ARTICLE III ARGUMENT THAT PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF AGAINST SECRETARY MARTIN HORN AND SUPERINTENDENT JOSEPH CHESNEY IN THEIR OFFICIAL CAPACITIES

MUST BE STRICKEN FROM THEIR REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS.

Victory v. Manning 128 F2d 415, 29 AFTR 518 (1942, CA3 NJ) holds that to allow separate objections and defenses to be raised by separate motions would defeat the general purpose of the rules of civil procedure and prolong litigation. Rule 12 (g) is interpreted that if one proceeds by motion as to defenses enumerated in FRCP 12, and does not include all defenses then "available", he shall not thereafter make motion based on any of defenses or objections so omitted. Carter v. American Bus Lines, Inc., 22 FRD 323, 1 FR Serv 2d 68 (1958, DC Neb); See also Albany Ins. Co. v. Almacenadora Somex, S.A., 5F3d 907, 27 FR Serv 3d 483 (1993, CA5 Tex).

In the instant matter, Defendants' Brief in Support of their Motion to Dismiss presented and argued the following questions:

1. Are the department, the institution, Secretary Horn and Superintendent Chesney (to the extent he is sued in his official capacity) immune from suit in Federal Court under the Eleventh Amendment?

2. Does the applicable statute of limitations bar all claims regarding incidents that occurred more than two years before the date this action was filed?

3. Should Plaintiff David L. Jones, who does not allege that any civil right he enjoys was violated by any Commonwealth defendant, be dismissed as a party?

4. Should the moving defendants be dismissed as at most, the claim against them is one of negligence and does not satisfy the theory of "state created danger"?

Specifically with regards to questions number 1, Defendants argued that a federal suit against an unconsenting State or its alter ego is barred regardless of the relief sought. (See Defendants' Brief in Support of its Motion to Dismiss, pp 5). Defendants further argued with regards to this question, that Defendants here were agencies of the Commonwealth, except Superintendent Chesney (in his individual capacity), and so immune for suit. Defendants concluded addressing this question by adding that Pennsylvania had not waived its immunity and that congress had not abrogated the immunity.

Plaintiff's Brief in Opposition to this supporting brief addressed Question 1 by responding

that, under Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908), a state cannot violate a Plaintiff's civil rights and invoke the 11th Amendment where Plaintiff brings suit demanding prospective/injunctive relief under the 14th Amendment and 42 U.S.C. 1983 against the officers of the state under their official capacity. In the instant action, Plaintiff's complaint demanded injunctive relief against Defendants Chesney and Horn in their official and individual capacities.

Defendants filed their Reply Brief in Support of the Motion to Dismiss and introduced an entirely new defense argument in "support" their Motion. Their Reply Brief stated that "Defense counsel completely missed the fact that Ms. Murray seeks injunctive relief from these two defendants [Chesney and Horn] when writing his brief". (See Defendants' Reply Brief in Support of Motion to Dismiss, pp 3) Defendant's Reply Brief then proceeded to argue that injunctive relief is not appropriate in this case because under Article III, a plaintiff must establish a "case or controversy". Defendant's argument that injunctive relief is not appropriate, Defendants admitted, "has nothing to do with the analysis under the Eleventh Amendment". Defendants thus explored an entirely new defense to Plaintiff's complaint. Fortunately for Defendants, Plaintiff, of course, was not able to argue against this analysis in her Brief in Opposition to the Motion to Dismiss, because she was not presented with the defense. Further, under Local Rule 7.7 of the United States District Court for the Middle District of Pennsylvania no further briefs are allowed in this matter after defendants' Reply Brief.

Defendants have violated FRCP12(g) in that their Reply brief is in essence a new motion in itself because an entirely new defense is asserted, one which Defense counsel essentially admitted in the Brief when he stated that he missed the injunctive relief demand against Chesney and Horn in their official capacities. Plaintiff should not be penalized for this oversight. Thus the defense must be waived not only in this Reply Brief but in any subsequent attempt by Defendants' to file a "Supplemental" or additional Motion to Dismiss.

IV.  CONCLUSION

Defendants' Article III "case or controversy" argument was raised for the first time in their Reply Brief, not in their Initial Motion to Dismiss or accompanying Brief. This is prohibited under FRCP12(g) because raising an entirely new defense in a filing after the filing of a FRCP 12 motion is essentially a new motion in itself, and all FRCP 12 defenses must be raised at once. Further,

under Local Rule 7.7, Plaintiff cannot even respond to the merits of the defense. Thus Defendants' defense arguing dismissal of Plaintiff's demands for prospective/injunctive relief against Defendants Horn and Chesney in their official capacities should be stricken with prejudice.

Respectfully submitted,

Dated:  6/23/01                                    BY:  _____
                                                        ALBERT J. MICHELL, ESQUIRE
                                                        PA Attorney Id. # 76797
                                                        Counsel for Plaintiff Laquita Murray

## CERTIFICATE OF SERVICE

I, Albert J. Michell, Esquire, attorney for Plaintiff hereby certify that a true and correct copy of the foregoing Motion to Strike, has been served via first class mail, postage pre-paid on this 23th day of June, 2001, to the following:

Francis Filipi, Esquire
Office of the Attorney General
Commonwealth of Pennsylvania
15th Floor
Strawberry Square
Harrisburg, PA 17120

                                                    _____
                                                    Albert J. Michell, Esquire